IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

ELVIS YEBOAH KUMIH,

Petitioner,

vs.

MICHAEL A. YATES, Field Office Director, Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement, et al.,

Respondents.

8:26-CV-379

MEMORANDUM AND ORDER CONDITIONALLY GRANTING WRIT OF HABEAS CORPUS

The *pro se* petitioner is a noncitizen currently detained by U.S. Immigration and Customs Enforcement at the McCook Detention Center in McCook, Nebraska. Filing 1. He seeks a writ of habeas corpus under 28 U.S.C. § 2241. Filing 1. The petitioner asserts his prolonged detention—since December 11, 2025—violates the Due Process Clause of the Fifth Amendment. Filing 1 at 6-7. The Court agrees, and will conditionally grant the petition.

The petitioner is a citizen of Ghana. Filing 8 at 3. He entered the United States near Del Rio, Texas in August 2021, where he was detained by the Border Patrol. Filing 8 at 3. On September 9, 2021, he was released on an order of recognizance and placed on "ATD," the Alternatives to Detention program.[1] Filing 8-3. But in 2024, the petitioner began failing to complete biometric

[1] ATD was an ICE program that used electronic monitoring and other technologies to ensure compliance with release conditions. *See generally* Department of Homeland Security, DHS/ICE/PIA-062 Alternatives to Detention (ATD) Program, https://perma.cc/9XZF-QRMS (last updated August 24, 2023); U.S. Immigration and Customs Enforcement, Alternatives to Detention, https://perma.cc/NFA5-RR7Z (last updated January 7, 2026); Audrey Singer, Cong. Rsch. Serv., R45804, Immigration: Alternatives to Detention (ATD) Programs (2019).

check-ins. Filing 8 at 4. In August 2025 he failed to report for an office visit, and on September 2 he was terminated from the ATD program. Filing 8 at 4; filing 8-5. On December 11, he was apprehended by the Border Patrol near Pembina, North Dakota, about 200 yards south of the U.S./Canadian border.[2] On April 9, 2026, an immigration judge denied the petitioner reconsideration of custody, finding that the judge lacked authority to grant bond. Filing 1 at 4; filing 8 at 5.[3] On May 7, the immigration judge denied the petitioner's applications for asylum and withholding of removal, and the petitioner's appeal from that order remains pending. Filing 8 at 5; filing 8-7.

The government contends, correctly, that the petitioner is an "arriving alien" subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2), under the Eighth Circuit's construction of § 1225 in *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026). But the petitioner has been detained for over eight months without an individualized custody determination, which infringes on his Fifth Amendment due process rights for the reasons articulated in *Oporta v. Mullin*, No. 8:26-CV-363, 2026 WL 2224753 (D. Neb. Aug. 3, 2026).[4] Accordingly,

---

[2] The petitioner's failure to actually cross the Canadian border and return (or be returned) through a port of entry is what distinguishes this case from *Barrow v. Noem*, No. 0:26-CV-1029, 2026 WL 445500 (D. Minn. Feb. 17, 2026) and *Hussein v. Warden, McCook Det. Ctr.*, No. 8:26-CV-346, 2026 WL 2176941 (D. Neb. July 29, 2026), in which the undersigned held that arrival and apprehension *at a port of entry* indefinite detention of the arriving alien.

[3] The government's vague statement that "an Immigration judge held a bond hearing and denied bond for Petitioner" is insufficiently specific to meaningfully traverse the petitioner's allegation that the immigration judge denied the petitioner's request for a custody redetermination by "concluding that the court lacked authority to grant bond under the applicable legal framework." Filing 1 at 4; filing 8 at 5.

[4] The Court is fully aware of the likely result of that hearing, given the petitioner's prior record of noncompliance with the conditions of his release. *See* filing 8 at 4; filing 8-5. But due process requires that the petitioner be provided with an opportunity to be heard.

IT IS ORDERED:

1. The Petition for Writ of Habeas Corpus (filing 1) is conditionally granted.

2. The government shall provide the petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) and the corresponding regulations **on or before September 1, 2026**.

3. If the government does not provide the petitioner with a bond hearing as required, the petitioner must be immediately released from detention.

4. If an immigration judge determines the petitioner should be released on bond, the government shall return the petitioner to Minneapolis, Minnesota.

5. **On or before September 4, 2026**, the government shall provide the Court with a status update regarding the bond hearing or, if no bond hearing was held, advise the Court regarding the petitioner's release.

Dated this 18th day of August, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge